ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| EVELYN SANTIAGO RODRÍGUEZ<br><br>Parte Peticionaria<br><br>v.<br><br>DR. DELFÍN BERNAL ECHEANDÍA, et. als.<br><br>Parte Recurrida | TA2026CE00560 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.:<br>BY2024CV07178<br><br>Sobre:<br>Impericia Medica, Daños y Perjuicios |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de mayo de 2026.

El 6 de mayo de 2026, la señora Evelyn Santiago Rodríguez (la señora Santiago Rodríguez o la peticionaria) presentó ante nos una *Solicitud de certiorari* en la que solicitó que revoquemos una *Orden* emitida y notificada el 6 de abril de 2026 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario).[1]

En el aludido dictamen, el foro primario aceptó la *Moción solicitando reconsideración sobre anotación de rebeldía* radicada por San Pablo Developers, Inc D/B/A Advanced Imaging & Interventional Center y Pet Imaging Radiology Center (la parte recurrida) y, por tanto, permitió la *Contestación a la demanda* de la parte recurrida.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari*.

---

[1] Entrada núm. 97 del caso BY2024CV07178 en Sistema Unificado para el Manejo y Administración de Casos (SUMAC).

## I.

El caso de epígrafe tuvo su origen cuando el 3 de diciembre de 2024, la señora Santiago Rodríguez instó una *Demanda* en la que alegó que, el Dr. Delfín Bernal Echeandía, de forma negligente, le realizó una biopsia por aspiración, empleando una aguja con el tamaño incorrecto.[2] Ante ello, laceró las cuerdas vocales de la peticionaria de forma irreversible, afectando su habilidad para tragar y al punto de sentirse asfixiada. Consecuentemente, solicitó ser indemnizada en concepto de daños y perjuicios por impericia médica.

Tras diversos incidentes procesales, el 11 de marzo de 2026, la peticionaria presentó una *Solicitud para anotar la rebeldía* en la que arguyó que, el 30 de abril de 2025, el TPI emitió una *Orden*[3] en la que le concedió treinta (30) días a la parte recurrida para instar su respectiva contestación a la demanda.[4] Por tanto, ante la falta de presentación de una alegación responsiva, el foro primario debía anotarle rebeldía a la parte recurrida.

El 13 de marzo de 2026, la parte recurrida radicó una *Moción en oposición a anotación de rebeldía* en la que argumentó que, el 7 de abril de 2025, la peticionaria completó el diligenciamiento de los emplazamientos.[5] A su vez, arguyó que, su dilación en presentar una alegación responsiva se debió a que, durante el año 2025, estuvo litigando asuntos relacionados a una moción de desestimación, una *Sentencia* y un recurso de *Apelación* ante este Tribunal de Apelaciones. Resaltó que, el derecho de la peticionaria a defenderse adecuadamente no se ha visto lacerado puesto que esta ha recibido la información solicitada durante el descubrimiento de prueba. Igualmente, adujo que, los intereses de la peticionaria no se

---

[2] Entrada núm. 1 del caso BY2024CV07178 en el SUMAC.
[3] Entrada núm. 18 del caso BY2024CV07178 en el SUMAC.
[4] Entrada núm. 82 del caso BY2024CV07178 en el SUMAC.
[5] Entrada núm. 83 del caso BY2024CV07178 en el SUMAC.

han afectado en virtud de que ha cooperado con el descubrimiento de prueba.

En igual fecha, la parte recurrida instó una *Contestación a demanda* en la que negó en su mayoría, las alegaciones de la *Demanda* radicada por la señora Santiago Rodríguez.[6] En síntesis, la parte recurrida sostuvo que, se le proveyó a la peticionaria el tratamiento médico adecuado y se cumplió con el estándar médico requerido.

El 14 de marzo de 2026, la peticionaria presentó una *Oposición a presentación de contestación a demanda tardía* en la que enfatizó que, la parte recurrida no radicó dentro del término estatutario una alegación responsiva.[7] Aseveró que, en aras de subsanar su deficiencia, la parte recurrida instó su alegación responsiva luego de que esta solicitara la anotación de rebeldía. Asimismo, alegó que, la parte recurrida no esbozó una justa causa para justificar su dilación ante su incumplimiento en presentar una alegación responsiva. Por tanto, procedía la anotación de rebeldía y declarar No Ha Lugar la *Moción en oposición a anotación de rebeldía.*

En respuesta, el 16 de marzo de 2026, el TPI emitió una *Orden* en la que no aceptó la *Contestación a demanda.*[8]

Ese mismo día, el foro primario remitió otra *Orden* en la que anotó rebeldía a la parte recurrida.[9]

El 27 de marzo de 2026, la parte recurrida radicó una *Moción solicitando reconsideración sobre anotación de rebeldía* en la que esgrimió que, durante el año 2025, estuvo litigando varias mociones de desestimación y sus respectivas oposiciones, asuntos de prueba pericial y una apelación ante este Tribunal.[10] Por tanto, procede que se le releve de la anotación de rebeldía en virtud de que versa sobre

---

[6] Entrada núm. 84 del caso BY2024CV07178 en el SUMAC.
[7] Entrada núm. 85 del caso BY2024CV07178 en el SUMAC.
[8] Entrada núm. 86 del caso BY2024CV07178 en el SUMAC.
[9] Entrada núm. 87 del caso BY2024CV07178 en el SUMAC.
[10] Entrada núm. 88 del caso BY2024CV07178 en el SUMAC.

una causa justificada toda vez que, se encontraba atendiendo otros asuntos procesales de la causa de acción. Además, el pleito estaba en etapas iniciales del descubrimiento de prueba, en la que la parte recurrida ha participado con tal de cursar la información solicitada por la peticionaria. Consecuentemente, solicitó que el foro primario reconsiderara el dictamen emitido.

En respuesta, el 2 de abril de 2026, la señora Santiago Rodríguez instó una *Moción en oposición a reconsideración a anotación de rebeldía* en la que ripostó que, los incidentes procesales no justifican la dilación de la parte recurrida en presentar una oposición.[11] Asimismo, alegó que, la parte recurrida incumplió en esbozar justificaciones que permitieran relevar a la parte recurrida de la anotación de rebeldía. Por ende, no procede relevar la anotación de rebeldía.

Así, el 6 de abril de 2026, el TPI emitió una *Orden* en la que aceptó la *Contestación a demanda*.[12]

Inconforme, el 6 de mayo de 2026, la señora Santiago Rodríguez presentó una *Solicitud de certiorari* en la que formuló los siguientes errores:

> Primer error: Erró el Tribunal de Primera Instancia al dejar sin efecto la anotación de rebeldía sin que las codemandadas demostraran la existencia de ¨causa justificada¨ conforme exige la Regla 45.3 de Procedimiento Civil, limitándose estas a alegaciones generales e insuficientes para excusar un incumplimiento procesal prolongado.

> Segundo error: Erró el Tribunal de Primera Instancia al concluir que no existía perjuicio sustancial a la parte demandante, sin ponderar adecuadamente que las codemandadas permanecieron por más de nueve (9) meses sin presentar contestación a la demanda, mientras participaban selectivamente en el litigio, generando una incertidumbre procesal indebida.

En cumplimiento con nuestra *Resolución*, el 18 de mayo de 202, la parte recurrida instó una *Oposición a certiorari*.

---

[11] Entrada núm. 89 del caso BY2024CV07178 en el SUMAC.
[12] Entrada núm. 93 del caso BY2024CV07178 en el SUMAC.

Con el beneficio de la comparecencia de las partes procederemos a atender el recurso ante nos.

**II.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004-1005 (2021); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc, supra; Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> [. . .]
> Si el asunto sobre el cual versa el recurso de *certiorari* está

comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un

segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla ___ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al., supra*; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 97. Ahora bien, este Tribunal de Apelaciones puede expedir el auto de certiorari cuando "se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de

rebeldía, casos de relaciones de familia, casos que revistan interés público o cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Rivera et al. v. Arcos Dorados et al., supra*, pág. 195.

**B.**

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap.V, R. 45.1, establece que:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía. El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3). Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b). La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Cónsono con lo anterior, la citada regla atiende cuando un demandado presenta una alegación responsiva o no se defiende de alguna forma. *Freyre Martínez v. Consejo de Titulares*, 2026 TSPR 20, 217 DPR __ (2026). El propósito de la referida regla es "disuadir" a la parte que incurre en la dilación de los procesos como estrategia de litigio. *Freyre Martínez v. Consejo de Titulares, supra*; *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1068-1069 (2019); *Ocasio v. Kelly Servs.*, 163 DPR 653, 670-671 (2005). La Regla 45.1 de Procedimiento Civil, *supra*, R. 45.1, provee un remedio coercitivo contra la parte adversaria, pese a que se le concedió un término para responder, y optó por no defenderse. *Freyre Martínez v. Consejo de Titulares, supra*; *Ocasio v. Kelly Servs., supra*, pág. 671. A esos fines, el efecto de la anotación de rebeldía es que se admitan como ciertos todos los hechos alegados correctamente. *Íd*. **No obstante, la rebeldía es un mecanismo procesal discrecional para el foro de instancia**. *Freyre Martínez v. Consejo de Titulares, supra*; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 590 (2011) (Énfasis nuestro). La anotación de rebeldía o dictar sentencia en rebeldía a

una parte como sanción por su incumplimiento con una orden del Tribunal debe hacerse dentro de un marco de "lo que es justo y la ausencia de tal justicia equivaldría un abuso de discreción". *Freyre Martínez v. Consejo de Titulares, supra*; *Rivera Figueroa v. Joe's European Shop, supra*, pág. 590. Una anotación de rebeldía no garantiza que se resuelva en favor de la persona que reclama en virtud de que los Tribunales no deben conceder indemnizaciones por estar un caso en rebeldía. *Freyre Martínez v. Consejo de Titulares, supra*. Los remedios en rebeldía "no priva[n] al tribunal de evaluar si en virtud de tales hechos, no controvertidos, existe válidamente una causa de acción que amerita la concesión del remedio reclamado". *Freyre Martínez v. Consejo de Titulares, supra*, citando a: *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 931 (1996).

**III.**

En el caso de autos, la peticionaria argumentó que, el foro primario erró en dejar sin efecto la anotación de rebeldía tras la parte recurrida no demostrar una justa causa para su dilación en presentar una alegación responsiva. A su vez, alegó que, el TPI erró en concluir que no le ocasionaba un perjuicio indebido a la peticionaria el permitir la *Contestación a demanda*.

Tras un análisis de la totalidad del expediente y en correcta práctica apelativa resolvemos que no procede la expedición del auto de *certiorari* solicitado. Ello, en virtud de que no se configuraron los requisitos que establece la Regla 40 de nuestro Reglamento, *supra*, y la Regla 52.1 de Procedimiento Civil, que nos facultan expedir el auto de *certiorari*.

Atisbamos que, el TPI ostenta discreción para anotar rebeldía ejerciendo un balance justo y sin abusar de tal discreción.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
